UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAWIT DIDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-0508-AGF |
| | ) | |
| ASCENSION PROVIDENCE | ) | |
| HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss Plaintiff's

complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the

motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff Dawit Dida is a resident of the District of Columbia.  Defendant

Ascension Providence Hospital[1] is headquartered in Missouri and operates hospitals

throughout the country, including Providence Hospital in D.C., where Dida was

employed for over ten years.  According to his complaint, Dida fell ill in early 2016 and

requested time off from work.  He approached Ascension employee Lorenzo James at

---

[1]      Uncertain of Ascension's legal name, Dida also named as a defendant Ascension
Providence Health Care Providers.  Ascension asserts that this defendant should be dismissed
because no such entity exists and because Dida does not assert any claims against this entity.
Dida does not contest Ascension's arguments in this regard.  As such, Ascension Providence
Health Care Providers will be dismissed.

least three times seeking to obtain short-term and long-term disability coverage.[2]  James told Dida that he was not entitled to coverage.  At the beginning of February 2016, Ascension notified Dida that it was eliminating his position and terminating his employment effective February 29, 2016.

Shortly after his termination, Dida underwent open-heart surgery followed by several weeks of hospitalization and recovery, the cost of which Dida incurred personally, and which he claims should have been covered by his health insurance through Ascension.  Dida was later deemed disabled by the Social Security Administration with an onset date of February 1, 2016.

According to Dida's brief on the present motion, Dida filed a charge of discrimination with the D.C. Office of Human Rights (OHR) on January 4, 2017, alleging violations of the D.C. Human Rights Act (DCHRA) and the D.C. Family and Medical Leave Act (DCFMLA).  This document is not in the Court record.  The parties participated in mediated settlement negotiations facilitated through OHR, but the process was unsuccessful, leading Dida to withdraw his OHR complaint on August 24, 2021.  The record does not indicate why the matter remained pending with the OHR for over four years.  OHR granted withdrawal on September 24, 2021, and Dida filed the present action in D.C. Superior Court on November 5, 2021, asserting violations of the federal

---

[2]       Though Mr. James's title is not specified in the complaint, the Court infers that he held a supervisory or human resources role at Providence Hospital.  Ascension does not suggest otherwise.

Family and Medical Leave Act (FMLA),[3] the Americans with Disabilities Act (ADA), and the Employee Retirement Security Act (ERISA) and a state law claim for breach of contract.  Dida seeks over $300,000 in actual damages and additional unspecified compensatory, expectation, and liquidated damages.

Ascension removed the case to the U.S. District Court for the District of Columbia and filed a motion to transfer the case to this Court or dismiss the case for failure to state a claim.  The D.C. district court granted the motion to transfer because Ascension's long-term disability plan contains a forum selection clause designating this Court as the exclusive venue for any actions arising under it.  ECF No. 10, referring to ECF No. 4-4 at 42.  The D.C. district court deferred consideration of Ascension's motion to dismiss, leaving the matter to this Court for resolution.

In support of the motion, Ascension contends that (1) Dida's FMLA claim is time-barred; (2) Dida failed to exhaust administrative remedies on his ADA claim; (3) Dida failed to exhaust administrative remedies on his ERISA claim *and* the claim is time-barred; and (4) Dida fails to state a valid claim for breach of contract because he had no employment agreement with Ascension, and the statute on which Dida relies is inapplicable.  In response, Dida centrally asserts that applicable statutes of limitations were tolled while his charge was pending before the OHR, and D.C. law does not require the exhaustion of remedies.

---

[3]     Dida's complaint specifically refers to the federal FMLA and makes no mention of the DCFMLA.

## LEGAL STANDARDS

### Choice of Law

Though Ascension's disability plan designates this Court as the proper forum, it contains no choice of law provision.  Dida filed his OHR complaint and subsequent lawsuit pursuant to D.C. administrative procedures and local pleading requirements. Ascension's motion to dismiss asserts affirmative defenses that the parties briefed before the D.C. district court based on D.C. law.  Ascension recently renewed its motion before this Court without any modification or additional analysis on choice of law considerations.  ECF No. 14.

Choice of law questions cannot be addressed simplistically and may vary from issue to issue.  In general, to the extent resolution of the motion depends on application of the DCOHR framework governing Dida's OHR complaint and initial pleadings, the Court naturally looks to D.C. Circuit and district court precedent.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 526 (1990) (applying transferor statute of limitations on a state law issue).  In all other respects, however, where general principles of federal law apply, the Court relies on Eighth Circuit precedent.  *See e.g., In re Folgers Coffee, Mktg. Litig.*, 21-2984-MD-W-BP, 2022 WL 989727, at *3 (W.D. Mo. Mar. 9, 2022) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." (quoting *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996))).  The Court also notes consistent D.C. authority as relevant and aligned in principle.

**Rule 12(b)(6) Standard**

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Untimeliness under a statute of limitations and failure to exhaust administrative remedies are affirmative defenses that a defendant bears the burden to plead and prove. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007); *Coleman v. Mayorkas*, CV 18-2268 (BAH), 2021 WL 930263, at *15 (D.D.C. Mar. 11, 2021).  A court may dismiss a claim as precluded by the statute of limitations if the complaint itself establishes that the claim is time-barred.  *Richardson v. Omaha School District*, 957 F.3d 869, 873 (8th Cir. 2020). However, because limitations issues often depend on questions of fact, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint.  *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 368 (8th Cir. 2011) (where complaint did not establish when the claim accrued); *Adams v. D.C.*, 740 F. Supp. 2d 173, 180 (D.D.C. 2010), *aff'd in part*, 618 Fed. Appx. 1 (D.C. Cir. 2015) (involving Rehabilitation Act statute of limitations and ADA exhaustion).  In the D.C. Circuit where Dida originally filed his lawsuit, a plaintiff need not plead exhaustion in his complaint, and a defendant bears the burden of proving non-exhaustion by a preponderance of the evidence.  *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 84-85 (D.D.C. 2014

5

(involving DCHRA and Title VII claims and citing *Moore v. D.C.*, 445 Fed. Appx. 365, 366 (D.C. Cir. 2011)); *Fowler v. D.C.*, CV 18-634 (RDM), 2021 WL 4206591, at *6 (D.D.C. Sept. 16, 2021) (noting that a plaintiff need not plead ADA exhaustion in the complaint).

**Tolling under the D.C. Human Rights Act**

The DCHRA creates an election-of-remedies framework. *Ibrahim v. Unisys Corp.*, 582 F. Supp. 2d 41, 46 (D.D.C. 2008). A person claiming discrimination may file an administrative complaint with the OHR *or* a lawsuit in a court of competent jurisdiction. *Id.*; D.C. Code § 2-1403.16. Once a claimant has filed an OHR complaint, he may file a lawsuit only if the OHR dismisses the complaint for administrative convenience or the claimant withdraws the complaint before receiving a determination, as Plaintiff did here. § 2-1403.16. In that instance, the claimant maintains all rights to sue as if no complaint had been filed. *Id.* In the interim, the statute of limitations is tolled while a complaint is pending with the OHR. *Id.*[4]

Similar to Missouri, the OHR and EEOC have a work-sharing agreement whereby claims filed with one entity are cross-filed with the other. *See Hammel v. Marsh USA Inc.*, 79 F. Supp. 3d 234, 240 (D.D.C. 2015). In *Hammel*, the plaintiff filed an EEOC charge alleging employment discrimination under Title VII and the DCHRA. Due to an

---

[4]     This tolling provision codifies the issue discussed in the principal case cited by the parties, *Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989). See *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 93 n.2 (D.D.C. 2007) (noting that *Anderson* is superseded by statute).

error on the address label, Hammel did not receive the EEOC's right-to-sue letter until

seven months after it was issued, when she contacted the EEOC to inquire as to the status

of the matter.  Upon receipt of the letter, Hammel filed a lawsuit in D.C. superior court.

Her employer removed the case to federal court and moved to dismiss it as untimely.

The district court found that § 2-1403.16 tolled the statute of limitations on her DCHRA

claims until the EEOC issued the right-to-sue letter.  *Id.* at 241 (clarifying that the tolling

provision applied to any administrative process, whether before the OHR or EEOC).

Without explicitly referring to equitable tolling, the court also declined to dismiss

Hammel's Title VII claims as untimely, reasoning that Hammel had provided sufficient

evidence to rebut the presumption that she received the right-to-sue letter when it was

mailed.

Additionally, on the present facts, the Court finds guidance in *Murphy v. D.C.*, 390

F. Supp. 3d 59 (D.D.C. 2019).  There, the plaintiff requested FMLA leave for serious

health conditions, but his employer disregarded his application and inquiries.  Two

months later, he had a heart attack and filed another application, and he was fired two

days later.  Murphy promptly filed a charge with the EEOC and OHR.  Over 31 months

passed before the EEOC issued a right-to-sue letter.  Three months after receiving the

letter and three years after the last alleged violation, Murphy filed a complaint alleging

that his employer interfered with his right to medical leave, failed to accommodate his

disability, and then fired him in retaliation for requesting leave.  As relevant here, he

asserted claims under the DCFMLA, FMLA, and ADA.  The D.C. court tolled the statute

of limitations on Murphy's DCFMLA claim while the charge was pending before the

OHR, pursuant to D.C. Code § 1610.3 (a tolling provision similar to the DCHRA).  *Id.* at

68.  However, the court did not toll the FMLA statute of limitations during that time

because the FMLA does not require a claimant to exhaust administrative remedies.[5]  *Id.*

at 67 n.4 (citing *Ndzerre v. Washington Metro. Area Transit Auth.*, 174 F. Supp. 3d 58,

63 (D.D.C. 2016)).  The court dismissed Murphy's ADA retaliation claim for failure to

exhaust administrative remedies because his EEOC charge did not explicitly allege

retaliation related to his request for accommodation, but the court allowed one of

Murphy's ADA failure-to-accommodate claims to proceed.  *Id.* at 66.

**Equitable Tolling and Estoppel**

Although Dida invokes the concept of equitable tolling, the Eighth Circuit has

noted that courts frequently conflate equitable tolling and equitable estoppel, which are

two distinct concepts.  Equitable tolling is appropriate when the plaintiff exercises

diligence but is unable to obtain information bearing on his claim, or some extraordinary

circumstance stood in his way.  *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th

Cir. 2005); *Kampschroer v. Anoka Cnty.*, 935 F.3d 645, 649 (8th Cir. 2019).  Equitable

tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing

deadline are out of his hands.  *Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir.

2004) (affirming summary judgment where plaintiff failed to inform EEOC of her change

---

[5]      The EEOC has no authority to enforce the FMLA.  The FMLA is enforced by the Wage and Hour Division of the Department of Labor.  *The Family and Medical Leave Act, the ADA, and Title VII of the Civil Rights Act of 1964*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/laws/guidance/family-and-medical-leave-act-ada-and-title-vii-civil-rights-act-1964 (last visited July 17, 2022).

of address).  By contrast, equitable estoppel focuses on the defendant's conduct and applies where the defendant takes action that causes the plaintiff not to timely file suit. *Henderson*, 403 F.3d at 1033.  Application may be warranted where a plaintiff has been induced or tricked into missing a deadline due to a defendant's misconduct, but not when a plaintiff fails to exercise diligence in preserving his rights.  *Frazier v. Vilsack*, 419 Fed. Appx. 686, 689 (8th Cir. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable relief from a statute of limitations is an exception to the rule and should be used only in exceptional circumstances.  *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018) (affirming summary judgment for defendant and rejecting argument that settlement discussions lulled plaintiff into not filing a timing EEOC charge).  A plaintiff bears the burden of proving his entitlement to equitable tolling or equitable estoppel.  *Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011).

## DISCUSSION

### FMLA Claim

In Count I of his complaint, Dida asserts that Ascension violated the FMLA by firing him when he sought medical leave.  Ascension moves to dismiss this claim as untimely.  Claims under the FMLA must be filed within two years after the last violation or within three years for willful violations.  29 U.S.C. § 2617(c).  Here, Dida filed his complaint over five years after his termination.  Nonetheless, he seems to assert that the statute of limitations was tolled during the pendency of his OHR claim by virtue of the D.C. tolling statute.  But *Murphy* clearly instructs otherwise.  While the D.C. statute tolls claims under the DCFMLA, it does not save claims under the federal FMLA.  *Murphy*,

9

390 F. Supp. 3d at 67 n.4; *Ndzerre*, 174 F. Supp. 3d at 63.  As such, Dida's FMLA claim could be deemed timely only if the circumstances justify equitable tolling or estoppel. Eighth Circuit precedent suggests that equitable relief is available in FMLA cases if factually warranted.  *See e.g., Hanger v. Lake County*, 390 F.3d 579, 583 n.2 (8th Cir. 2004) (finding no factual basis to toll the FMLA statute of limitations where plaintiff was aware of the violation and the employer did nothing to impede her from filing suit). However, the fact that Dida's other claims stagnated with the OHR for four years is not alone a sufficient basis for relief.  *See Iverson v. Ingersoll-Rand Co.*, 125 Fed. Appx. 73, 77 (8th Cir. 2004) (on summary judgment, declining to apply equitable tolling on the plaintiff's ERISA claim while his discrimination claims were pending before administrative agencies, reasoning that the plaintiff's desire to consolidate his claims was insufficient).

At this stage of the proceedings and on the present record, the Court cannot determine the propriety of equitable tolling or estoppel and thus will deny Ascension's motion to dismiss as to this claim.

**ADA Claim**

In Count II, Dida asserts that Ascension violated the ADA by refusing to accommodate his disability and then firing him for seeking to avail himself of the medical leave and insurance to which he was entitled.  Ascension argues that Dida's ADA claim should be dismissed for failure to exhaust administrative remedies because Dida failed to file a charge with the EEOC and obtain a right-to-sue letter from that agency before filing his lawsuit.  This argument fails because, according to D.C. law, a

DCOHR dismissal order is a sufficient substitute to satisfy the exhaustion requirement.
*See Adams*, 740 F. Supp. 2d at 186-87 (collecting cases and citing D.C. Circuit precedent
cautioning against an "overly technical approach").  Dida filed a timely administrative
charge, and the clock was tolled until he received the OHR dismissal order (ECF No. 8-
1).

To be sure, in order to demonstrate exhaustion, Dida's OHR charge must signal an
ADA claim.  The purpose of filing a charge with the EEOC is to provide the agency an
opportunity to investigate and attempt resolution through conciliation before permitting
the aggrieved party to file a lawsuit.  *Webb v. GKN Aerospace N. Am./Melrose, LLC*,
4:21 CV 1085 CDP, 2022 WL 1091172, at *3 (E.D. Mo. Apr. 12, 2022).  Given the
notice requirement and the conciliatory purpose of the administrative process, a
plaintiff's lawsuit cannot include new allegations that were not made in the charge.  *Id.*
*See also Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 191
(D.D.C. 2019) (deeming an intake questionnaire sufficient for purposes of exhaustion
where an ADA claim could reasonably be expected to ensue from the investigation).  In
light of the central facts here, one could reasonably expect Dida's OHR charge to raise an
ADA claim.  Ascension does not suggest otherwise, and the intake form available online
has checkboxes for disability discrimination and retaliation claims.

Though the parties did not file a copy of the charge, Ascension bears the burden to
establish that dismissal is warranted for failure to exhaust administrative remedies.  The
sole ground raised by Ascension – namely failure to exhaust through the EEOC – fails for
the reason stated above.  As such, the motion to dismiss Dida's ADA claim on that basis

will be denied.

**ERISA Claim**

In Count III, Dida claims that Ascension violated ERISA by denying him disability benefits. Elsewhere in the complaint, he alleges that he was wrongfully terminated due to his need for benefits.[6] Ascension contends that Dida's ERISA claim should be dismissed because he failed to exhaust administrative remedies *and* the claim is time-barred. Ascension asserts that, pursuant to its long-term disability plan, claims must be filed on specific forms, and the employer must provide notice of disposition in writing explaining the specific reasons for an adverse determination. ECF No. 4-3 at 14, referring to ECF No. 4-4 at 18-19. A claimant may then request review, the outcome of which must also be explained in writing. A claimant must exhaust the plan's administrative procedures before filing a lawsuit, and no legal action may be commenced more than 12 months after the onset of disability or six months after the claims

---

[6]     Dida's complaint does not specify which section of ERISA he means to invoke as the basis for his claim. Section 510 prohibits an employer from discharging or discriminating against a plan participant for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. *McLain v. Andersen Corp.*, 567 F.3d 956, 964 (8th Cir. 2009) (citing 29 U.S.C. § 1140). Section 502(a) provides the civil enforcement mechanism for such claims. U.S.C. § 1132(a); *Barnhardt v. Open Harvest Co-op.*, 742 F.3d 365, 369 (8th Cir. 2014); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990). Within Section 502(a), subsection (1)(B) provides for recovery of benefits and enforcement of rights under a plan. Subsection (3) is a catch-all provision enabling a participant to obtain equitable relief to redress violations or enforce plan provisions. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 727-29 and n.12 (8th Cir. 2014) (discussing the availability of alternate theories under (a)(1)(B) and (a)(3)). In any amended pleadings, Dida should identify the particular section(s) of ERISA on which he bases his claims and prayers for relief.

administrator's final decision (whichever is later), regardless of any applicable statute of limitations. ECF No. 4-3 at 14-15, referring to ECF No. 4-4 at p. 22.

Dida pleads that he sought to access coverage and provided proof of eligibility, but Mr. James categorically denied his inquiries on three occasions. Dida clearly wished to avail himself of his disability benefits and alleges that he was wrongfully terminated for pursuing the matter. It is unclear to what degree his efforts to follow proper procedures were thwarted by Mr. James, and whether Ascension fulfilled its own obligations under the plan. Exhaustion is not required when it would be futile or when the plaintiff is not advised of plan procedures. *Wootten v. Monumental Life Ins. Co.*, 412 F. Supp. 2d 1020, 1024 (E.D. Mo. 2006) (citing *Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 n.4 (8th Cir. 2000) and *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003)). *See also Gunderson v. St. Louis Connectcare*, 4:08CV01553 JCH, 2009 WL 882240, at *4 and n.3 (E.D. Mo. Mar. 26, 2009) (exercising discretion not to require exhaustion). The Court is unwilling to foreclose Dida's claim on this basis at this stage of the proceedings, on such an incomplete record and without sufficient briefing by the parties.

Ascension's untimeliness argument is similarly problematic. ERISA does not contain its own statute of limitations for actions to recover benefits under a regulated plan. *Munro-Kienstra v. Carpenters' Health & Welfare Tr. Fund of St. Louis*, 790 F.3d 799, 802 (8th Cir. 2015). In the absence of a contractual limitations period, courts look to local time limitations for actions most closely resembling the claim. *Id.*; *Watts v. Parking Mgmt., Inc.*, CIV.A. 02-2132 CKK, 2006 WL 627153, at *5 (D.D.C. Mar. 12, 2006), *aff'd*, 210 Fed. Appx. 13 (D.C. Cir. 2006) (applying the DCHRA statute of

limitations to a claim of discrimination under ERISA). However, where a plan specifies contractual limitations for filing a lawsuit, as is the case here, there is no need to borrow general statutes of limitation unless the contractual period is unreasonably short or the state statute prevents it from taking effect. *Munro-Kienstra*, 790 F.3d at 802.

Here, Ascension relies solely on the contractual limitation period and therefore does not address whether D.C. or Missouri law would apply in the alternative. But the factual record must be further developed, and the issue properly briefed, to determine whether the contractual limitation period is enforceable (or, if not, which jurisdiction's limitation should apply) or whether the applicable limitation is subject to equitable tolling or estoppel as a result of Ascension's conduct. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 115 (2013) (recognizing applicability of equitable tolling where a defendant's conduct prevents an ERISA plaintiff from acting within the contractual period). The record is insufficient to make such determinations at this stage. The Court therefore finds that, on this record, Ascension has not met its burden to establish that Dida's ERISA claim is barred.

**Breach of Contract Claim**

Finally, in Count IV, Dida alleges that Ascension breached "the employment agreement" between the parties by discharging him in response to his attempt to access health care coverage. Dida cites D.C. Code § 7-751.13(5), which defines a breach of contract as a failure to provide full-time health care services pursuant to a "program contract." Ascension moves to dismiss this claim because there was no employment agreement between the parties and because this D.C. statute is inapplicable here.

14

Specifically, the statute relates to a loan repayment program for health care workers (§ 7-751.02), where an employee's failure to satisfy program requirements would constitute a breach of contract.

Dida responds that his employment with Ascension is uncontested and can be evidenced by pay stubs and tax records. But this response does not refute Ascension's arguments. The D.C. statute Dida cites does not appear to apply here, and Dida does not cite any other source for his breach of contract claim. Ascension's central arguments on this count are meritorious and warrant dismissal of Count IV as currently pleaded.

In his opposition brief, Dida also suggests, without elaboration, that the doctrine of preemption permits the Court to hear state law claims governed by ERISA. In reply, Ascension contends that ERISA preemption operates to nullify Dida's contract claim. Indeed, ERISA's civil enforcement provisions are typically the exclusive remedies for participants seeking to recover benefits under an ERISA plan. *Johnson v. U.S. Bancorp*, 387 F.3d 939, 942 (8th Cir. 2004) (affirming dismissal of plaintiff's alternative state law breach of contract claim). As such, it may well be that Dida's contract claim is preempted. However, absent meaningful briefing on this issue, the Court declines to make a dispositive conclusion on the issue of ERISA preemption at this stage. Dida's Count IV will be dismissed without prejudice and with leave to amend his complaint to more specifically identify any viable contract claim or the particular nature and basis of his ERISA claims.

## CONCLUSION

A defendant bears the burden of proving the affirmative defenses of untimeliness and non-exhaustion, and a plaintiff bears the burden of proving the propriety of equitable tolling or estoppel.  Dismissal is appropriate only when it is clear from the face of the complaint that the plaintiff is not entitled to relief.  Here, the Court concludes that the factual record must be further developed to ascertain the scope of Dida's claims and whether the circumstances warrant equitable relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED** with respect to Count IV and **DENIED** with respect to Counts I-III.  ECF Nos. 4 and 14.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 22, 2022**, to file an amended complaint.

**IT IS FURTHER ORDERED** that Ascension Providence Health Care Providers is **DISMISSED** as a named party defendant.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July 2022.

16