UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAWIT DIDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-00508-AGF |
| | ) | |
| ASCENSION PROVIDENCE | ) | |
| HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ascension Providence Hospital's motion to dismiss Plaintiff Dawit Dida's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. No. 42.  On June 21, 2022, Ascension filed a motion to dismiss Dida's original complaint for failure to state a claim.  Doc. No. 14.  The Court granted the motion in part and denied the motion in part; dismissing Dida's breach of contract claim without prejudice and allowing Dida to amend his complaint with respect to his FMLA claim, ADA claim, and ERISA claim.  Doc. No. 15.  Dida filed an amended complaint on December 22, 2022, again alleging FMLA, ADA, and ERISA violations.  Doc. No. 41.  Dida did not re-allege any breach of contract claim.  Ascension has again moved to dismiss Dida's amended complaint for failure to state a claim.  Doc. No. 42.

For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff Dawit Dida is a resident of the District of Columbia.  Defendant

Ascension Providence Hospital is headquartered in Missouri and operates hospitals

throughout the country, including Providence Hospital in D.C., where Plaintiff was

employed for over ten years.  According to his amended complaint, Plaintiff fell ill in

early 2016 and requested time off from work.  At the beginning of February 2016,

Providence notified Dida that it was eliminating his position and terminating his

employment effective March 1, 2016.  During the month of February, while still an

employee of Ascension, Dida was hospitalized multiple times, and due to his diagnosis,

was ultimately found to be disabled by the Social Security Administration, retroactive to

February 1, 2016.  Dida, still covered by his employer's insurance, approached

Ascension's employee Lorenzo Jones[1] at least three times to obtain short-term and long-

term disability coverage.[2]  Jones told Dida that he was not entitled to coverage.  Dida

asserts that following his hospitalization in February, he was still entitled to short-term

and long-term disability benefits until March 1, 2016, and that he possesses a letter from

Ascension Health to this effect.[3]

---

[1]     Lorenzo Jones was previously identified as "Lorenzo James" in Plaintiff's original complaint.

[2]     Though Mr. Jones' title is again not specified in the complaint, the Court infers that he held a supervisory or human resources role at Providence Hospital.  Defendant does not suggest otherwise.

[3]     Dida has not included this letter in the Court record, but from the face of the Complaint it appears that the letter was from "Ascension Health," the plan administrator, not Defendant Ascension Providence Hospital, Dida's employer.

Shortly after his termination, Dida underwent two open-heart surgeries followed by several weeks of hospitalization and recovery, the cost of which Dida incurred personally, and which he claims should have been covered by his health insurance through Ascension.

According to Dida's brief on the prior motion to dismiss, Dida filed a charge of discrimination with the D.C. Office of Human Rights (OHR) on January 4, 2017, alleging violations of the D.C. Human Rights Act (DCHRA) and the D.C. Family and Medical Leave Act (DCFMLA).  Doc. No. 8.  Dida did not include his charge of discrimination in the Court record, but it has since been provided by Defendant. [4]   The parties participated in mediated settlement negotiations facilitated through OHR, but the process was unsuccessful, leading Dida to withdraw his OHR complaint on August 24, 2021.  Doc. No. 8-1.  The record does not indicate why the matter remained pending with the OHR for over four years.  OHR granted withdrawal on September 24, 2021, and Dida filed the present action in D.C. Superior Court on November 5, 2021, asserting violations of the federal Family and Medical Leave Act (FMLA),[5] the Americans with Disabilities Act (ADA), and the Employee Retirement Income Security Act (ERISA) and a state law claim for breach of contract.  Ascension removed the case to the U.S. District Court for the District of Columbia and filed a motion to transfer the case to this Court or dismiss

---

[4]      In support of its motion to dismiss, Defendant has provided a charge of discrimination filed by Plaintiff which alleges age discrimination but does not allege any violations of disability discrimination.  Doc. No. 43-1.

[5]      Plaintiff's complaint specifically refers to the federal FMLA and makes no mention of the DCFMLA.

the case for failure to state a claim.  Pursuant to a forum selection clause, the matter was transferred to this Court on May 9, 2022.  Doc. Nos. 10-12.  The D.C. district court deferred consideration of Ascension's motion to dismiss, leaving the matter to this Court for resolution.

**Prior Motion to Dismiss**

In its first motion to dismiss, Ascension contended that (1) Dida's FMLA claim was time-barred; (2) Dida failed to exhaust administrative remedies on his ADA claim; (3) Dida failed to exhaust administrative remedies on his ERISA claim *and* the claim was time-barred; and (4) Dida failed to state a valid claim for breach of contract because he had no employment agreement with Ascension, and the statute on which Dida relied is inapplicable.  In response, Dida asserted that applicable statutes of limitations were tolled while his charge was pending before the OHR, and D.C. law does not require the exhaustion of remedies.

On July 5, 2022, this Court denied Ascension's motion as to the FMLA, ADA, and ERISA claims (Counts I – III) and granted Ascension's motion as to the breach of contract claim (Count IV).  Doc. No. 15.  However, with respect to the FMLA, ADA, and ERISA claims, the Court noted that the facts contained in the present record precluded the Court from making a determination with respect to exhaustion, equitable tolling and equitable estoppel and permitted the Plaintiff to file an amended complaint with the expectation that these matters would be addressed.

Following numerous requests for extensions of time and improper filings, Dida filed the present amended complaint on December 19, 2022.  *See* Doc. Nos. 17-39.

4

**Present Motion to Dismiss**

Ascension filed the present motion to dismiss on December 29, 2022.  Doc. No. 42.  Ascension argues that Dida's amended complaint should be dismissed because he again fails to state a claim for which relief can be granted under FRCP 12(b)(6).  Specifically, Ascension argues that despite Dida's assertions in his opposition to the original motion to dismiss (Doc. No. 8) that he is entitled to equitable tolling on his untimely FMLA claim, his amended complaint contains no facts justifying this relief.

With respect to the ADA claim, Ascension argues that Dida failed to exhaust his administrative remedies because he did not allege a disability discrimination claim in his charge filed with the OHR, and, in any event, his ADA accommodation claim should be dismissed because he fails to plausibly allege that Ascension failed to accommodate his alleged disability.  Lastly, Ascension argues that Dida's ERISA claim should be dismissed because in addition to failing to identify the particular nature and basis of the claim as ordered by this Court, Dida fails to state a viable cause of action or plead adequate facts to establish a claim under ERISA.

Dida's opposition does not respond to any of the above arguments.  Instead, he argues that Ascension's motion seems to turn on the argument that Dida was not an employee of Providence Hospital.  Doc. No. 47.  Dida then argues that the necessary elements of an employment contract are present in the instant matter, and then discusses the standard for implied employment contracts and relevance of at-will employee designations in employee handbooks.  Plaintiff ultimately argues that the question of whether Dida was an employee of Ascension is a question of law for the Courts and

requests that the Court deny Ascension's motion to dismiss and grant Dida's motion for summary judgment.  There is no motion for summary judgment before this Court.

In reply, Ascension states that Dida's employment status is not at dispute in this this matter and notes that its arguments were not opposed nor rebutted by Dida.  Doc. No. 48.

## LEGAL STANDARDS

### Choice of Law

As discussed in its previous order, the Court will look to the D.C. Circuit and district court precedent to the extent resolution of the motion depends on application of the DCOHR framework governing Dida's OHR complaint and initial pleadings.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 526 (1990) (applying transferor statute of limitations on a state law issue).  In all other respects, however, where general principles of federal law apply, the Court relies on Eighth Circuit precedent.  *See e.g., In re Folgers Coffee, Mktg. Litig.*, 21-2984-MD-W-BP, 2022 WL 989727, at *3 (W.D. Mo. Mar. 9, 2022) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." (quoting *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996))).  The Court also notes consistent D.C. authority as relevant and aligned in principle.

### Rule 12(b)(6) Standard

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint.  "To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *McShane*

6

*Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  While a complaint does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Huang v. Gateway Hotel Holdings*, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007).

Untimeliness under a statute of limitations and failure to exhaust administrative remedies are affirmative defenses that a defendant bears the burden to plead and prove. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007); *Coleman v. Mayorkas*, CV 18-2268 (BAH), 2021 WL 930263, at *15 (D.D.C. Mar. 11, 2021).  A court may dismiss a claim as precluded by the statute of limitations if the complaint itself establishes that the claim is time-barred.  *Richardson v. Omaha School District*, 957 F.3d 869, 873 (8th Cir. 2020).

In the D.C. Circuit where Dida originally filed his lawsuit, a plaintiff need not plead exhaustion in his complaint, and a defendant bears the burden of proving non-exhaustion by a preponderance of the evidence.  *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 84-85 (D.D.C. 2014 (involving DCHRA and Title VII claims and citing

*Moore v. D.C.*, 445 Fed. Appx. 365, 366 (D.C. Cir. 2011)); *Fowler v. D.C.*, CV 18-634 (RDM), 2021 WL 4206591, at *6 (D.D.C. Sept. 16, 2021) (noting that a plaintiff need not plead ADA exhaustion in the complaint).

**Tolling under the D.C. Human Rights Act**

The DCHRA creates an election-of-remedies framework. *Ibrahim v. Unisys Corp.*, 582 F. Supp. 2d 41, 46 (D.D.C. 2008). A person claiming discrimination may file an administrative complaint with the OHR *or* a lawsuit in a court of competent jurisdiction. *Id.*; D.C. Code § 2-1403.16. Once a claimant has filed an OHR complaint, he may file a lawsuit only if the OHR dismisses the complaint for administrative convenience or the claimant withdraws the complaint before receiving a determination, as Dida did here. § 2-1403.16. In that instance, the claimant maintains all rights to sue as if no complaint had been filed. *Id.* In the interim, the statute of limitations is tolled while a complaint is pending with the OHR. *Id.*

Similar to Missouri, the OHR and EEOC have a work-sharing agreement whereby claims filed with one entity are cross-filed with the other. *See Hammel v. Marsh USA Inc.*, 79 F. Supp. 3d 234, 240 (D.D.C. 2015). In *Hammel*, the plaintiff filed an EEOC charge alleging employment discrimination under Title VII and the DCHRA. Due to an error on the address label, Hammel did not receive the EEOC's right-to-sue letter until seven months after it was issued, when she contacted the EEOC to inquire as to the status of the matter. Upon receipt of the letter, Hammel filed a lawsuit in D.C. superior court. Her employer removed the case to federal court and moved to dismiss it as untimely. The district court found that § 2-1403.16 tolled the statute of limitations on her DCHRA

8

claims until the EEOC issued the right-to-sue letter. *Id.* at 241 (clarifying that the tolling provision applied to any administrative process, whether before the OHR or EEOC). Without explicitly referring to equitable tolling, the court also declined to dismiss Hammel's Title VII claims as untimely, reasoning that Hammel had provided sufficient evidence to rebut the presumption that she received the right-to-sue letter when it was mailed.

Additionally, on the present facts, the Court finds guidance in *Murphy v. D.C.*, 390 F. Supp. 3d 59 (D.D.C. 2019). There, the plaintiff requested FMLA leave for serious health conditions, but his employer disregarded his application and inquiries. Two months later, he had a heart attack and filed another application, and he was fired two days later. Murphy promptly filed a charge with the EEOC and OHR. Over 31 months passed before the EEOC issued a right-to-sue letter. Three months after receiving the letter and three years after the last alleged violation, Murphy filed a complaint alleging that his employer interfered with his right to medical leave, failed to accommodate his disability, and then fired him in retaliation for requesting leave. As relevant here, he asserted claims under the DCFMLA, FMLA, and ADA. The D.C. court tolled the statute of limitations on Murphy's DCFMLA claim while the charge was pending before the OHR, pursuant to D.C. Code § 1610.3 (a tolling provision similar to the DCHRA). *Id.* at 68. However, the court did not toll the FMLA statute of limitations during that time because the FMLA does not require a claimant to exhaust administrative remedies.[6] *Id.*

---

[6]     The EEOC has no authority to enforce the FMLA. The FMLA is enforced by the Wage and Hour Division of the Department of Labor. *The Family and Medical Leave Act, the ADA,*

at 67 n.4 (citing *Ndzerre v. Washington Metro. Area Transit Auth.*, 174 F. Supp. 3d 58,

63 (D.D.C. 2016)).  The court dismissed Murphy's ADA retaliation claim for failure to

exhaust administrative remedies because his EEOC charge did not explicitly allege

retaliation related to his request for accommodation, but the court allowed one of

Murphy's ADA failure-to-accommodate claims to proceed.  *Id.* at 66.

**Equitable Tolling and Estoppel**

The Eighth Circuit has noted that courts frequently conflate equitable tolling and

equitable estoppel, which are two distinct concepts.  Equitable tolling is appropriate when

the plaintiff exercises diligence but is unable to obtain information bearing on his claim,

or some extraordinary circumstance stood in his way.  *Henderson v. Ford Motor Co.*, 403

F.3d 1026, 1033 (8th Cir. 2005); *Kampschroer v. Anoka Cnty.*, 935 F.3d 645, 649 (8th

Cir. 2019).  Equitable tolling is appropriate only when the circumstances that cause a

plaintiff to miss a filing deadline are out of his hands.  *Williams v. Thomson Corp.*, 383

F.3d 789, 791 (8th Cir. 2004) (affirming summary judgment where plaintiff failed to

inform EEOC of her change of address).  By contrast, equitable estoppel focuses on the

defendant's conduct and applies where the defendant takes action that causes the plaintiff

not to timely file suit.  *Henderson*, 403 F.3d at 1033.  Application of equitable estoppel

may be warranted where a plaintiff has been induced or tricked into missing a deadline

due to a defendant's misconduct, but not when a plaintiff fails to exercise diligence in

---

*and Title VII of the Civil Rights Act of 1964*, U.S. Equal Employment Opportunity Commission,
https://www.eeoc.gov/laws/guidance/family-and-medical-leave-act-ada-and-title-vii-civil-rights-act-1964 (last visited July 17, 2022).

preserving his rights.  *Frazier v. Vilsack*, 419 Fed. Appx. 686, 689 (8th Cir. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable relief from a statute of limitations is an exception to the rule and should be used only in exceptional circumstances.  *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018) (affirming summary judgment for defendant and rejecting argument that settlement discussions lulled plaintiff into not filing a timing EEOC charge).  A plaintiff bears the burden of proving his entitlement to equitable tolling or equitable estoppel.  *Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011).

## DISCUSSION

### FMLA Claim

In Count I of his amended complaint, Dida asserts that Ascension violated the FMLA by firing him when he sought medical leave.  Ascension moves to dismiss this claim as untimely.  Claims under the FMLA must be filed within two years after the last violation or within three years for willful violations.  29 U.S.C. § 2617(c).  Here, Dida filed his complaint over five years after his termination.  As this Court previously noted, the D.C. statute only tolls claims under the DCFMLA, it does not save claims under the federal FMLA.  *Murphy*, 390 F. Supp. 3d at 67 n.4; *Ndzerre*, 174 F. Supp. 3d at 63.  In its previous order, the Court specifically stated that Dida's FMLA claim could be deemed timely only if the circumstances justify equitable tolling or estoppel.  Doc. No. 15 at 10.  Dida's amended complaint contains no facts in support of equitable tolling or equitable estoppel.  In fact, Dida's FMLA claim in his amended complaint is indistinguishable

from his original complaint, apart from minor stylistic changes and the following

paragraph:

> As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

Doc. No. 41, at ¶ 24.

The Court can discern no factual basis to toll the FMLA statute of limitations.  *See e.g., Hanger v. Lake County*, 390 F.3d 579, 583 n.2 (8th Cir. 2004) (finding no factual basis to toll the FMLA statute of limitations where plaintiff was aware of the violation and the employer did nothing to impede her from filing suit).  Dida has pled no facts to even plausibly suggest that circumstances beyond his control forced him to miss his filing deadline, or that Ascension's action caused him to file his FMLA claim two years past the statute of limitations.  Further, as this Court previously noted, the fact that Dida's other claims stagnated with the OHR for four years is not alone a sufficient basis for relief.  *See Iverson v. Ingersoll-Rand Co.*, 125 Fed. Appx. 73, 77 (8th Cir. 2004) (on summary judgment, declining to apply equitable tolling on the plaintiff's ERISA claim while his discrimination claims were pending before administrative agencies, reasoning that the plaintiff's desire to consolidate his claims was insufficient).

12

Despite numerous opportunities, Dida refuses to plead any facts in support of equitable tolling or estoppel,[7] and the complaint itself establishes that the FMLA claim is time-barred.  *See Richardson*, 957 F.3d at 873.  Thus, the Court will grant Ascension's motion to dismiss with respect to Count I.

## ADA Claim

In Count II, Dida asserts that Ascension violated the ADA by refusing to accommodate his disability and then firing him for seeking to avail himself of the medical leave and insurance to which he was entitled.  Ascension argues that Dida's ADA claim should be dismissed for failure to exhaust administrative remedies because he did not allege a disability discrimination claim in his charge filed with the OHR, and because he fails to plausibly allege that Providence failed to accommodate his alleged disability.  As discussed in this Court's previous order, a DCOHR dismissal order is a sufficient substitute to satisfy the exhaustion requirement.  *See Adams v. D.C.*, 740 F. Supp. 2d 173, 186-7 (D.D.C. 2010) (collecting cases and citing D.C. Circuit precedent cautioning against an "overly technical approach").  If Dida filed a timely administrative charge that signaled an ADA claim, the clock was tolled until he received the OHR dismissal order.

The purpose of filing a charge with the EEOC/OHR is to provide the agency an opportunity to investigate and attempt resolution through conciliation before permitting

---

[7]     Additionally, Plaintiff did not oppose Defendant's arguments in its response to the instant motion to dismiss nor did he assert any facts or arguments in support of tolling in his brief.

13

the aggrieved party to file a lawsuit.  *Webb v. GKN Aerospace N. Am./Melrose, LLC*, 4:21 CV 1085 CDP, 2022 WL 1091172, at *3 (E.D. Mo. Apr. 12, 2022) (citing *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988)).  Given the notice requirement and the conciliatory purpose of the administrative process, a plaintiff's lawsuit cannot include new allegations that were not made in the charge.  *Id*.; *see also Murphy*, 390 F. Supp. 3d. at 66 ("A vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not fairly embrace.") (internal citations omitted).

This Court previously denied Ascension's motion on these grounds because neither party filed a copy of the charge, and the Court noted that it was Ascension's burden to establish that dismissal is warranted for failure to exhaust administrative remedies.  In its present motion, Ascension has provided the Court with a copy of Dida's March 30, 2017 OHR charge ("Charge").  Doc. No. 43-1.  The Court will consider the Charge because Dida's OHR charge is expressly referenced and relied upon in his amended complaint, it is integral to Plaintiff's claims under the ADA, and Dida does not dispute the authenticity of the Charge.  As such, the Charge is necessarily embraced by Dida's amended complaint and may be considered by this Court in ruling on the Motion to Dismiss.  *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.") (internal citations and quotations omitted); *Worley v. A.R. Res., Inc.*, No. 4:18-CV-1409 PLC, 2019 WL 480028, at *1 (E.D. Mo. Feb. 7, 2019) (finding the court could consider a document attached as an exhibit to a motion to

14

dismiss because the complaint referred to it and it was integral to plaintiff's claim);

*Furtell v. TIAA Bank*, No. 4:20-CV-277 RLW, 2020 WL 4808633, at *2 fn. 3 (E.D. Mo.

Aug. 18, 2020) (same).

Dida does not dispute the authenticity of this Charge or provide any other OHR

charges or paperwork, other than the September 24, 2021 dismissal order.  Doc. No. 8-1.

Further, the Charge contains the same Agency Charge No. (17-505-P(N)) as the OHR

dismissal letter provided by Dida.  The Court previously noted that an intake

questionnaire may be sufficient for purposes of exhaustion where an ADA claim could

reasonably be expected to ensue from the investigation.  *See Klotzbach-Piper v. Nat'l*

*R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 191 (D.D.C. 2019).  Here, the Charge names

"Providence Hospital (Ascension Health)" as the employer and only asserts

discrimination based on age.  Doc. No. 43-1.  The box for discrimination based on

disability is not checked.  The Charge lists an onset date of February 4, 2016, and the

entirety of the claim states the following,

> Initial Written Complaint received by OHR on January 4, 2017.
>
> I was hired by Respondent in June 2014, as an Emergency Room Technician.
> I believe that I have been discriminated against in the terms, conditions, and
> privileges of employment based on my age (60 years) for the following
> reasons:
>
> DISCHARGE – Age
> On February 4, 2017, Respondent terminated my employment due to a
> reduction in force.  Respondent chose to ignore my seniority and retain the
> employment of other employees (20's, 30's, 40's) who were younger than
> me and had less seniority than me.  Respondent also terminated the
> employment of another co-worker (60's).  I believe Respondent terminated
> my employment due to my age.

> Therefore, I charge Respondent with unlawful discriminatory acts in violation of the D.C. Human Rights Act of 1977, as amended.  I have not commenced any other action, civil, criminal, or administrative based on the above allegations other than the instant Charge of Discrimination.

Doc. No. 43-1.

Based on the information in the Charge, Dida's administrative charge only alleged age discrimination, it did not allege or otherwise signal any claim of disability discrimination.  A plaintiff's lawsuit cannot include new allegations that were not made in the charge.  *See* Webb, 2022 WL 1091172, at *3*; see also Murphy*, 390 F. Supp. 3d. at 66 (dismissing an ADA retaliation claim for failure to exhaust administrative remedies because plaintiff failed to explicitly allege ADA retaliation in his EEOC/OHR.)  Therefore, the Court finds that Ascension has established that dismissal of Count II is warranted for failure to exhaust administrative remedies.[8]

**ERISA Claim**

In Count III, Dida claims that Ascension violated ERISA by denying him disability benefits.  Elsewhere in the complaint, he alleges that he was wrongfully terminated due to his need for benefits.  In this Court's prior order, it instructed Plaintiff to identify the particular section(s) of ERISA on which he bases his claims and prayers for relief.  Doc. No. 15 at 12, fn. 6.  He has again failed to identify any relevant sections

---

[8]  Defendant also argues that Plaintiff failed to state a claim for reasonable accommodations under the ADA, however, because the Court has determined that all of Plaintiff's ADA claims are barred by Plaintiff's failure to exhaust administrative remedies, the Court need not assess the sufficiency of Plaintiff's ADA accommodation pleadings at this time.

or materially amend his claim.  Ascension contends that Dida's ERISA claim should be

dismissed because in addition to failing to identify the particular nature and basis of the

claim as ordered by this Court, Dida fails to state a viable cause of action or plead

adequate facts to establish a claim under Section 510 of ERISA.

Despite this Court's order, Dida did not amend his pleadings to identify the

particular nature and basis of his ERISA claims, nor did Dida make any showing that the

1-year contractual limitation was unenforceable or should otherwise be tolled.  In fact,

the only changes Dida made to his amended complaint was the removal of the word

"long-term" before "disability benefits" in paragraph 37, and the addition of the

following paragraph which details alleged damages,

> As a direct and proximate result of Defendant's wrongful acts and omissions,
> Plaintiff has sustained injuries and damages including, but not limited to, loss
> of earnings and earning capacity; loss of career opportunities; loss of fringe
> and pension benefits; mental anguish; physical and emotional distress;
> humiliation and embarrassment; loss of professional reputation; and the loss
> of ordinary pleasures of everyday life, including the right to pursue gainful
> employment of his choice.[9]

Doc. No. 41, at ¶ 39.

As noted by Ascension, Dida has been on notice of the issues in his pleadings

since Ascension filed its first motion to dismiss on February 7, 2022, or in the very least

since this Court's order on July 5, 2022.  Yet, despite the numerous opportunities and

extensions afforded to Dida to amend his pleadings, he has failed to address any of these

issues.  Further, Dida did not oppose any of Ascension's specific arguments in its motion

---

[9]     This paragraph was also added to Plaintiff's FMLA and ADA claims and was
similarly the only substantive change therein.

to dismiss, or even address his ERISA claim in his opposition.  For reasons this Court cannot understand, Plaintiff's counsel instead chose to spend the entirety of his opposition brief arguing about Dida's employment status, an issue that is not in dispute. Despite ample notice and opportunity, Plaintiff's counsel seemingly refuses to address the issues in this matter.  In any event, the Court finds that Dida has failed to state a claim under ERISA.

In its previous order, the Court requested that in any amended pleadings, Dida identify the particular section(s) of ERISA on which he bases his claim.  Doc. No. 15 at 12.  The Court then discussed the various sections of ERISA and the potential claims therein.  *Id.*  Plaintiff has not identified or clarified which section of ERISA on which he bases his claim, but in drawing all reasonable inferences in Plaintiff's favor, the Court will evaluate Plaintiff's claim under the potentially relevant ERISA sections.

**Section 510 Claim**

Ascension argues that to the extent Plaintiff is attempting to plead a claim under Section 510, given his prayer for lost employment earnings and benefits, it still fails as a matter of law.  Section 510 prohibits an employer from discharging or discriminating against a plan participant for the purposes of interfering with the attainment of any right to which such participant may become entitled under the plan.  *McLain v. Andersen Corp.*, 567 F.3d 956, 964 (8th Cir. 2009) (citing 29 U.S.C. § 1140).  In order to state a prima facie case under Section 510 a plaintiff must allege the following elements:

(1) [plaintiff] participated in a statutorily protected activity (i.e. making a reasonable claim for ERISA benefits); (2) an adverse employment action was taken against [him]; and (3) a causal connection existed between [his]

participation in the statutorily protective activity and an adverse employment action.

*Manning v. Am. Republic Ins. Co.*, 604 F.3d 1030, 1043 (8th Cir. 2010).

To the extent that Plaintiff is alleging he was terminated because he requested benefits, the Court agrees that any Section 510 claim would fail because Dida has not alleged the required elements of a Section 510 claim in the amended complaint. Indeed, it appears that Dida was terminated *before* any request for disability benefits. "During the first week of February 2016 Mr. Dida was unceremoniously informed that his position was being "eliminated", and he was being terminated as a result." Doc. No. 41, at ¶ 10. "During the month of February, while still an employee of Defendant, Mr. Dida was hospitalized multiple times." *Id.* at ¶ 11. "Mr. Dida, still covered by his employer's insurance, sought to exercise his disability coverage." *Id.* at ¶ 12. However, it appears that Plaintiff is seeking to recover the benefits due to him under his plan; "Mr. Dida was arbitrarily denied the benefits he was entitled." *Id.* at ¶ 38. Ascension has asserted these very facts in its motion to dismiss, and Dida has not disputed them in his opposition brief.

**Section 502(a)(1)(B) Claim**

ERISA § 502(a)(1)(B) provides a participant with a cause of action in order "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, Dida claims that he was entitled to disability benefits up until his termination date of March 1, 2016, and when he sought such benefits in February 2016, he was told he was not entitled to any disability benefits. However, §

19

502(a)(1)(B) claims only permit causes of actions against the plan or the plan administrator, not the participant's employer.  *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998) ("[T]he proper party against whom a claim for ERISA benefits may be brought, 'is the party that controls administration of the plan,' not the plan participant's employer.") (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998)) (internal quotations omitted); *see also Clark v. Feder, Semo & Bard*, *P.C.*, 736 F. Supp. 2d 222, 228 fn. 5 (D.D.C. 2010), aff'd, 739 F.3d 28 (D.C. Cir. 2014).  It is undisputed that Ascension Providence Hospital was Dida's employer, and the benefit plan specifically indicates that "Ascension Heath Alliance d/b/a Ascension" is the plan administrator.  Doc. No. 4-4 at 6, 12.  Further, Plaintiff does not allege, nor is there any indication that Defendant had any control over the administration of the plan; in fact, Dida alleges he received the benefits letter from "Ascension Health," not Defendant.  *See* Doc. 41, ¶ 13(a).  Thus, any § 502(a)(1)(B) claim against Defendant Ascension Providence Hospital is improper.  As such, to the extent Plaintiff is asserting an ERISA claim under § 502(a)(1)(B) against this Defendant, it is dismissed with prejudice.

The Court cannot ascertain any other claims under ERISA from Dida's amended complaint, even affording him the proper deference and drawing all reasonable inferences in his favor.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ascension Providence Hospital's motion to dismiss is **GRANTED**.  (Doc. No. 42).  Counts I and II are **DISMISSED without prejudice**.  In Count III, to the extent Plaintiff is asserting a claim under ERISA § 510, it is **DISMISSED without prejudice**, but to the extent Plaintiff is asserting a claim under ERISA § 502(a)(1)(B), it is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant's previous motions to dismiss and strike the amended complaint is **DENIED as moot**.  (Doc. No. 29).

A separate order of dismissal will accompany this Memorandum and Order.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April 2023.